IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PORSCHIA COPELAND                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:16-cv-00074-GHD-SAA

MICHAELS CORPORATION d/b/a
Barley Courts Apartments and
INTERSTATE REALTY MANAGEMENT
COMPANY                                                            DEFENDANTS

## MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION ON JURISDICTIONAL GROUNDS

Presently before the Court is an emergency motion for preliminary injunction or for a temporary restraining order pending hearing [6] filed by Plaintiff Porschia Copeland ("Plaintiff") against Defendants Michaels Corporation d/b/a Barley Courts Apartments and Interstate Realty Management Company ("Defendants") seeking relief relating to an eviction proceeding against Plaintiff now pending in the Justice Court of Lee County, Mississippi. Because Plaintiff failed to satisfy the strenuous burden under Federal Rule of Civil Procedure 65, the Court denied her request for a temporary restraining order but granted her request for a hearing as to the necessity of a preliminary injunction. In the premises, the Court deemed it appropriate to furnish notice to the Defendants through their attorney of record in the underlying action in the Justice Court of Lee County.

Accordingly, on May 19, 2016, the Court heard oral argument on the motion for preliminary injunction. Having duly considered Plaintiff's motion, brief, attachments, as well as the arguments by counsel for Plaintiff and Defendants in the hearing, the Court issued a bench opinion denying the motion for preliminary injunction and declining to exercise subject-matter

1

jurisdiction over the case. By this memorandum opinion, the Court further expounds upon its bench ruling.

## A. Factual and Procedural Background

On May 4, 2016, Plaintiff filed a complaint for injunctive relief and other relief [1] in this Court, alleging that Defendants had wrongfully withheld Plaintiff's monthly utility allowance, wrongfully attempted to collect rent from her in violation of a lease agreement between Plaintiff and Defendants, and wrongfully intended to evict her from her apartment. She asserts claims for violation of due process under the Fifth and Fourteenth Amendments to the United States Constitution, violation of 42 U.S.C. § 1437f pertaining to low-income housing assistance, negligence, breach of contract, civil conspiracy, and negligent infliction of emotional distress. In addition, she seeks a preliminary injunction, specifically requesting that this Court "enjoin [Defendants] from terminating [Plaintiff's] lease and Section 8 eligibility, award damages in an amount to be determined by a jury sufficient to compensate [Plaintiff] for her injuries and attorneys' fees, and grant any other relief [Plaintiff] may be entitled [to] and this Court deems necessary." Pl.'s Compl. [1] at 9–10.

The day after Plaintiff's complaint was filed in this Court, on May 5, 2016, Defendants filed a complaint for eviction [6-14] in the Justice Court of Lee County, Mississippi, alleging that Plaintiff should be evicted from her apartment for failure to timely recertify for continued participation in the assistance program through the Department of Housing and Urban Development ("HUD"), failure to add an individual to her lease who was cohabitating with Plaintiff, and committing a felony in violation of the lease agreement. Thereafter, the Justice Court of Lee County set that matter for hearing on May 26, 2016.

2

Subsequently, on May 13, 2016, Plaintiff filed the present emergency motion for a temporary restraining order pending hearing or, in the alternative, a preliminary injunction [6]. Plaintiff maintains that the Court should enjoin the Defendants from terminating Plaintiff's Section 8 assistance, utility allowance, and tenancy pending the outcome of the case in this Court. In support of this request, she argues that Plaintiff has a substantial likelihood of success on the merits, that Plaintiff has stated a cognizable claim under 42 U.S.C. § 1983, that the Defendants' failed to provide adequate notice specifying the grounds for terminating or withholding Plaintiff's Section 8 assistance and terminating her lease agreement in violation of HUD's requirements for terminating assistance and tenancy, that a preliminary injunction or temporary restraining order is necessary to prevent irreparable harm that is not compensable by money damages, that the threatened harm to Plaintiff outweighs the possible harm to the Defendants, that entry of a preliminary injunction is consistent with public interest, and that this Court should waive bond. At the hearing on the motion, counsel for Plaintiff and Defendants further argued the case. Upon due consideration of all these matters, the Court declined to exercise subject-matter jurisdiction over the case, for the reasons that follow.

## B. Analysis and Discussion

Before the Court can reach the merits of any case before it, including one for a preliminary injunction, the Court must be assured of its own jurisdiction. "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Kokkonen v. Guar. Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). "Subject-matter jurisdiction. . . refers to a tribunal's power to hear a case. It presents an

issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010) (internal quotation marks and citations omitted). " 'It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.' " *Pershing, L.L.C. v. Kiebach*, No. 15-30396, 2016 WL 1375874, at *1 (5th Cir. Apr. 6, 2016) (quoting *Kokkonen*, 511 U.S. at 377, 114 S. Ct. 1673).

Plaintiff brings her case on the purported basis of federal question jurisdiction under 28 U.S.C. § 1331, "because this cause of action seeks to enforce rights secured by 42 U.S.C. § 1437f(d)(1)(ii) and (iii) (the Low-Income Housing Assistance Act), 42 U.S.C. § 1983 (the Civil Rights Act), and the Fifth and Fourteenth Amendments of the United States Constitution." Pl.'s Compl. [1] ¶ 11.

However, as this Court stated in its bench opinion, the mere mention of a federal statute or regulation is not sufficient to confer federal question jurisdiction. "The Mississippi legislature created local and regional housing authorities in 1938 to provide 'safe and sanitary dwelling accommodations for persons of low income.' " *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 288 (5th Cir. 2006) (citing Miss. Code Ann. § 43–33–3). In addition, Mississippi has instituted a procedure for maintaining eviction actions. An action for eviction must be maintained in the justice court pursuant to Mississippi Code Annotated § 11-25-1 or in the county court pursuant to Mississippi Code Annotated § 11-25-101. Both code sections provide in pertinent part that "[a]ny . . . landlord . . . against whom the possession of land is withheld, by his tenant . . . after the expiration of his right by contract, express or implied, to hold possession . . . shall, at any time within one year after such deprivation or withholding of possession, be entitled to

4

the summary remedy herein prescribed." Furthermore, the state procedure in Mississippi provides for a temporary restraining order and preliminary injunction by the circuit court for the county in which the aggrieved party may appeal any ruling from a justice court. At this juncture, the Court is of the opinion that a decision on Plaintiff's federal claims would be premature given that the eviction proceedings are set in state court for next Thursday, May 26, 2016. Once the eviction proceedings have concluded, the Plaintiff will have a right to seek an appeal or injunctive relief in the Circuit Court of Lee County. The state court has an adequate remedy to hear any alleged constitutional violation that this Plaintiff contends she has suffered.

Furthermore, the Court has nothing before it to indicate that the Plaintiff has exhausted her administrative remedies with respect to her claims that Defendants violated HUD. Her proper course of action is to pursue a complaint with HUD alleging wrongful termination of her Section 8 benefits and lease agreement. *See, e.g., Shell v. U.S. Dep't Of Hous. & Urban Dev.*, 355 F. App'x 300, 302 (11th Cir. 2009). There is no express or implied statutory private right of action for HUD violations. *See, e.g., Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977) (holding that the National Housing Act and regulations give the resident "no claim to duty owed nor remedy for failure to follow").

Given all of the parameters of the case *sub judice*, this Court declines to exercise subject-matter jurisdiction. The Court is of the opinion that the state courts provide an adequate and lawful constitutional remedy and an opportunity to be heard. For those reasons, the Court is of the opinion that this is not an appropriate case for federal jurisdiction.

## C. Conclusion

In sum, the Court DENIES Plaintiff Porschia Copeland's emergency motion for preliminary injunction or for a temporary restraining order pending hearing [6] in its entirety and

declines to exercise subject-matter jurisdiction over the case. Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

An order in accordance with this opinion shall issue this day.

SO ORDERED, this, the 20th day of May, 2016.

_____
SENIOR U.S. DISTRICT JUDGE